DONNELLY *v.* MICHIGAN MALLEABLE IRON CO.

CONTRACTS—MASTER AND SERVANT—SALARY.
   Evidence in an action for breach of contract of employ-
   ment considered, and *held*, not to establish a hiring for a
   year at an annual salary.

Error to Wayne; Murphy, J. Submitted January
20, 1914. (Docket No. 171.) Decided July 24, 1914.

Assumpsit by Peter Donnelly against the Michigan
Malleable Iron Company for breach of a contract of
employment. Judgment for plaintiff for less than his
claim. Plaintiff brings error. Affirmed.

*James H. Pound,* for appellant.

*Allan H. Frazer,* for appellee.

BROOKE, J. Plaintiff started to work for the de-
fendant company 13 years ago or more as a molder.
After working in that capacity for a few months, he
was made foreman of one of the shops, and after two
years was placed in charge of another. A little later
he was made foreman of all of them. On the 1st of
January, 1909, he was made superintendent, his salary
being $125 per month. This continued during the en-
tire year 1909 and up to about the 1st of May, 1910,
at which time he demanded an increase of salary. The
matter was discussed between himself and Mr. Nel-
son, the assistant manager of the defendant company,
and it was agreed between them that his salary, com-
mencing June 1, 1910, should be $2,000 a year, or at
the rate of $2,000 per year. Commencing on June 1,
1910, his salary was paid at that rate until the end
of October, 1910, when he was discharged. Plaintiff
brought suit for salary at the rate of $2,000 per annum
from November 1, 1910, to June 1, 1911. Defendant

claimed that the hiring was but from month to month. The court, in charging the jury, said:

"Much has been said intimating that plaintiff's claim was for a yearly hiring, beginning June 1, 1910. In your absence a careful examination of the testimony has been had, and it results in the conclusion that there is nothing in the testimony which would support the theory that a contract of employment for a year was had for the year beginning June 1, 1910. The plaintiff's claim, then, gentlemen of the jury, is submitted to you, upon the theory that there was a contract by the year beginning January 1, 1910, and the theory that there was a contract for a year, beginning June 1, 1910, not being supported by the testimony, is not before you for consideration. To entitle the plaintiff to recover, then, you must be satisfied by the testimony that there was a yearly hiring of the plaintiff, beginning January 1, 1910, and the plaintiff, furthermore, must establish to your satisfaction his performance of that contract."

Under this charge the jury rendered a verdict in favor of plaintiff for two months' salary. Defendant does not appeal.

The principal contention of the plaintiff is that the court, under the testimony, committed error in instructing the jury that they could not find that a contract had been made between the parties running from June 1, 1910, to June 1, 1911.

We have carefully read all of the evidence offered on behalf of the plaintiff upon this point, and are satisfied that there is no testimony which would have warranted the court in permitting the jury to find a contract for a year commencing June 1, 1910.

As plaintiff recovered the full amount possible under this instruction of the court, which we hold to have been proper, it is unnecessary and unprofitable to discuss the other assignments of error.

The judgment is affirmed.

McALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.